# United States Court of Appeals for the Fifth Circuit

---

No. 20-30478
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2021

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHRISTOPHER M. K. DUMAS,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:17-CR-215-1

---

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Christopher M.K. Dumas appeals his convictions of five counts of interference with commerce by robbery, one count of conspiracy to do the same, five counts of carrying, using, and brandishing a firearm during those

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-30478

robberies, and one count of possession of ammunition following conviction of a felony. He presents three issues for this court's review.

Dumas first argues that the district court erred in refusing to allow him to call an investigating officer whose testimony and supplemental investigative reports would have impeached the testimony of one witness who testified to seeing a six-pointed star tattoo on the robber who wore a bandana on the lower half of his face, which was consistent with a tattoo that Dumas has on his left cheek, and another who testified that he did not recall seeing a distinguishing feature like a tattoo on the robber. He asserts that the officer's testimony was admissible under Federal Rule of Evidence 613(b), as extrinsic evidence of a prior inconsistent statement. *See United States v. Hale*, 685 F.3d 522, 539 (5th Cir. 2012). He further asserts that its exclusion violated his constitutional rights.

A district court's exclusion of evidence will be affirmed unless it abused its discretion and a substantial right of the party was affected. *See United States v. Phillips*, 219 F.3d 404, 409 (5th Cir. 2000); *United States v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996). An error affects substantial rights if there is a reasonable probability that the error contributed to the conviction. *United States v. Sumlin*, 489 F.3d 683, 688 (5th Cir. 2007).

Assuming that the proposed testimony was admissible under Rule 613(b), an issue we do not reach, the exclusion of it did not affect Dumas's substantial rights, as the evidence could have been admitted only for impeachment purposes. *See United States v. Isiwele*, 635 F.3d 196, 201 (5th Cir. 2011). Notwithstanding Dumas's arguments to the contrary, the testimony could not have been used to establish a disputed fact, i.e., that a different perpetrator committed the robberies. *See United States v. Palacios*, 556 F.2d 1359, 1363 (5th Cir. 1977).

No. 20-30478

Here, one of the witnesses had already been impeached based on his history of serving as a government informant and admission that he wished to assist his son in a pending criminal matter. Even if the other witness's testimony had not been presented to the jury, there is no reasonable probability that the jury would have reached a different verdict. *See Sumlin*, 489 F.3d at 688. As Dumas concedes, the evidence established that all six robberies were committed by the same masked individual, and the depictions of the robber in the surveillance videos, the matching attire and accessories found in the Nissan Versa at the time of Dumas's arrest, the fact that the car belonged to Dumas's girlfriend and was seen in some of the surveillance videos, and Dumas's fingerprints found on the grocery bag recovered with the long-barreled handgun following one of the robberies all pointed to Dumas's identity as the robber. Further, cell tower information placed Dumas in the vicinity of the second and fourth establishments that were robbed around the time of the robberies, and Dumas sent incriminating text messages to his girlfriend on the days that the third and fourth establishments were robbed. Based on the foregoing, there is no reasonable probability that the exclusion of the investigating officer's testimony regarding the contents of his supplemental reports contributed to the jury's verdict. *See United States v. De Leon*, 728 F.3d 500, 505 (5th Cir. 2013).

In addition, Dumas did not argue at trial that the investigating officer's testimony and the information in his reports regarding the descriptions of the robber provided by the two witnesses should be admitted, on constitutional grounds, as substantive proof that the real robber had an "LA" tattoo. Indeed, Dumas's brief concedes that he argued to the trial court that he "was not offering the testimony of [the investigating officer] for the 'truth of the matter asserted,'" but instead only "as extrinsic evidence of a prior inconsistent statement for the purpose of impeaching" the two witnesses who supposedly contradicted themselves. Dumas's argument

(raised for the first time after the trial) that the officer's testimony should have been admitted as substantive evidence is therefore reviewed only for plain error. *See United States v. Jimenez*, 256 F.3d 330, 340 (5th Cir. 2001). Dumas's conclusory and minimally briefed arguments that he was constitutionally entitled to present the officer's testimony as substantive evidence of factual innocence under *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973), fail to demonstrate that the district court erred plainly or otherwise. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

As his second ground for relief, Dumas argues that a new trial was warranted because evidence adduced by the Government after the trial, especially audio recordings of responding officers' onsite interviews of witnesses, establishes that two of the witnesses testified falsely about whether they ever advised law enforcement that the robber had a tattoo of "LA" under his eye and whether they had identified a star tattoo on the robber. He asserts that the testimony concerned a material matter and that the Government knew the testimony was false and failed to correct it, in violation of *Napue v. Illinois*, 360 U.S. 264, 269 (1959).

The district "court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). However, such motions are disfavored. *United States v. Piazza*, 647 F.3d 559, 565 (5th Cir. 2011). This court reviews the denial of a motion for a new trial for an abuse of discretion. *Id.* at 564–65 & n.3. To obtain a new trial based on newly discovered evidence that the defendant's conviction was obtained in violation of *Napue*, the defendant must show, inter alia, that there is "*any reasonable likelihood* that the false testimony affected the judgment of the jury." *United States v. Wall*, 389 F.3d 457, 473 (5th Cir. 2004); *see also Piazza*, 647 F.3d at 565.

No. 20-30478

We need not determine whether Dumas has established a violation of *Napue* because we are not persuaded that there is any reasonable likelihood that the allegedly perjurious testimony affected the judgment of the jury based on our review of the record. As set forth above, the circumstantial evidence presented at trial all pointed to Dumas being the perpetrator of the robberies, and the suggestion that someone else committed them is fanciful at best. Accordingly, the district court did not abuse its discretion in denying Dumas's motion for a new trial. *See Piazza*, 647 F.3d at 564–65 & n.3; *Wall*, 389 F.3d at 473.

As for Dumas's claim under the Jencks Act, 18 U.S.C. § 3500(b), he fails to establish that the district court's finding that the Government complied with its obligations under the statute was clearly erroneous. *See United States v. Montgomery*, 210 F.3d 446, 451 (5th Cir. 2000). Regardless, a district court may deny a motion for a new trial without holding an evidentiary hearing, and its decision will only be reversed if it constitutes an abuse of discretion. *See United States v. Runyan*, 290 F.3d 223, 248 (5th Cir. 2002). No abuse of discretion has been shown.

Accordingly, the judgment of the district court is AFFIRMED.